```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF OKLAHOMA

CATHY REICHARD,                  )
                                 )
            Plaintiff,           )
                                 )
v.                               )    Case No. CIV-16-199-RAW-KEW
                                 )
NANCY A. BERRYHILL, Acting       )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )
```

## REPORT AND RECOMMENDATION

Plaintiff Cathy Reichard (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 50 years old at the time of the ALJ's decision. Claimant completed her education through the tenth grade, where she was enrolled in IEP classes. Claimant has worked in the past as a poultry boner and janitor. Claimant alleges an inability to work beginning December 8, 2012 due to limitations resulting from major dysfunction of the left hand, degenerative disc disease of the cervical spine post fusion, rheumatoid arthritis, a learning disability, a cognitive disorder, and anxiety disorder.

**Procedural History**

On January 7, 2013, Claimant protectively filed for a disabled widow's benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. The applications for benefits were denied initially and on reconsideration. On November 10, 2015, Administrative Law Judge ("ALJ") John Belcher conducted an administrative hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from Tulsa, Oklahoma. On November 25, 2015, the ALJ issued an unfavorable decision. On April 1, 2016, the Appeals Council denied review. On May 13, 2016, the Appeals Council vacated its prior order in order to consider additional information. After considering the additional information, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) rejecting the findings of two physicians with regard to Claimant's hand limitations; and (2) failing to recognize Claimant's two marked limitations in mental functioning which would meet or equal a listing.

## Consideration of Hand Limitations

In his decision, the ALJ determined Claimant suffered from the severe impairments of major dysfunction of the left hand, degenerative disc disease of the cervical spine status post fusion, rheumatoid arthritis, a learning disability, a cognitive disorder, and an unspecified anxiety disorder. (Tr. 21). The ALJ concluded that Claimant retained the RFC to perform light work except that Claimant could lift/carry no more than 20 pounds occasionally and ten pounds frequently, pushing and pulling limitations consistent with the lifting and carrying limitations, stand for five hours in an eight hour workday, walk for five hours in an eight hour workday, and sit for six to eight hours in an eight hour workday. Claimant was found to be able to occasionally climb, balance, bend or stoop, kneel, crouch, and crawl. She was limited to occasional reaching above the shoulder and head bilaterally. Claimant could frequently reach in other directions, handling, and feeling bilaterally. She was limited to concentrate (occasionally) extremes of cold or heat.

She was also limited under the ALJ's RFC to simple and routine tasks with superficial contact with co-workers, supervisors, and the public. (Tr. 23). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of assembler, electrical assembler, and furniture rental clerk, all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 27-28). As a result, the ALJ concluded Claimant was not disabled from December 8, 2012 through the date of the decision. (Tr. 28).

Claimant contends that the ALJ failed to properly consider the opinion of Dr. Michael Moore, whose evaluation was a part of a worker's compensation impairment assessment, and the consultative examiner, Dr. Jimmie Taylor, concerning Claimant's hand limitations. Dr. Moore's findings are referenced in the report of Dr. Anne S. May dated March 13, 2013. (Tr. 467). She noted Dr. Moore provided a second opinion on August 23, 2012 due to Claimant's continued bilateral hand pain and weakness. He obtained x-rays of her hands, which were negative for abnormalities. A bone scan was also obtained which was also negative. Dr. Moore recommended therapy treatments, which included edema control and stress loading therapy, and a functional capacity evaluation. Claimant did not have further evaluation or treatment and she was let go from her job on December 5, 2012. (Tr. 467-68). Dr. May concluded in reaching an impairment

rating for Claimant that she sustained a permanent partial impairment of 50% to the left hand and 25% impairment in the right hand. (Tr. 469-70).

Dr. Taylor assessed Claimant on August 29, 2013. He recognized that Claimant had undergone trigger finger surgery on her left hand. He found Claimant's grip strength in her left hand to be 3/5 and dexterity to be 3/5. (Tr. 426).

The ALJ acknowledged these opinions in his decision and the specific findings of each. (Tr. 23-24). He also noted the findings of Dr. Beau Jennings dated June 28, 2015 which found Claimant could effectively oppose the thumb to the fingertips, manipulate small objects, and effectively grasp tools such as a hammer. (Tr. 579). He also determined Claimant could frequently reach overhead, reach (all other), handle, feel, finger, and push/pull. (Tr. 572).

On October 29, 2013, a reviewing agency physician found Claimant could perform light work but noted limitations in handling and fingering. (Tr. 435). He also noted that Claimant had reduced grip strength in the left hand (3/5) and reduced dexterity in the left hand (3/5) and that Claimant is right hand dominant. (Tr. 435).

The ALJ also noted that some of the medical evidence was developed as a part of the worker's compensation case and contain relevant medical assessments which would aid in determining

7

Claimant's functional ability. He also found, however, that the processes are different under different standards of evaluation and policy goals. He, therefore, concluded that the findings of disability by another agency was not binding upon this proceeding.

The ALJ is required to evaluate every medical opinion in the record. Salazar v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006). Opinions by consultative physicians must be evaluated according to the factors contained in 20 C.F.R. § 416.927(c). These factors include (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Chapo v. Astrue, 682 F.3d 1285, 1291 (10th Cir. 2012). After evaluating the opinion using these factors, the ALJ must provide a valid explanation for the weight afforded the opinion and provide specific and legitimate reasons if the opinion is rejected. Id.

The ALJ evaluated each opinion and relied upon the frequent

use of the hands found by the consultative examiner. The Court should note that the ALJ also inquired of the vocational expert as to whether any jobs existed if handling, reaching, fingering, and feeling were reduced to occasional use. The expert responded that the furniture rental clerk job would remain. (Tr. 658). This Court finds no error in the evaluation of the opinion evidence as it relates to the use of Claimant's hands.

The ALJ provided an explanation for the discounting of the impairment rating provided by Dr. May as a part of the worker's compensation process. "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the significance of the other agency's disability evaluation in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). However, as the Tenth Circuit stated in a case stemming from this Court, when an ALJ states he considered such an evaluation, he is taken at his word. McFerran v. Astrue, 437 Fed. Appx. 634, 638 (10th Cir. 2011). No error is attributed to the ALJ's assessment of the worker's compensation impairment rating.

## Consideration of a Listing

Claimant also asserts that the ALJ failed to consider if she met Listing 12.05B, related to intellectual functioning. Listing 12.05 provides:

> Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this order is met when the requirements in A, B, C, or D are satisfied.
> ....
>
> B. A valid verbal, performance, or full scale IQ of 59 or less; OR
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of functioning.
>
> 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

Claimant has the burden at step three to demonstrate through medical evidence that her impairments meet all the criteria in the listing. Riddle v. Halter, 10 F. App'x. 665, 667 (10th Cir. 2001) (citing Sullivan v. Zebely, 493 U.S. 521, 530 (1990) However, to meet the requirements of Listing 12.05B and 12.05C, Claimant must first meet the requirements of the introductory language. This requires Claimant to prove that she has significantly subaverage general intellectual functioning with deficits in adaptive

functioning and that this initially manifested before age 22. 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.00D(6)(c), 12.05.

While testing in the record indicated Claimant's full scale IQ score was 72 and performance IQ score was 70 (Tr. 544), Claimant failed to establish that these limitations existed before the age of 22. Moreover, the marked limitations found in the medical source statement authored by Dr. Vaught were in the areas of understanding and remembering complex instructions and carrying out complex instructions. The areas indicated in 12.05 and 12.00 relate to understanding, remembering, or applying information, interacting with others, concentrating, persistence, or maintaining pace, and adapting or managing oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00E. Both marked limitations found by Dr. Vaught apply to the understanding, remembering, or applying information. As a result, marked limitations were only found as it related to one area under the regulations. This Court finds no error in the evaluation of the Listings by the ALJ.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration

should be **AFFIRMED**.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of January, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE